UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| **FREIGHT STAR, INC.,** | § § § | |
| **Defendant.** | § § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff Progressive County Mutual Insurance Company (hereinafter "Progressive") petitions this Court for declaratory judgment that its Commercial Auto Insurance Policy, Number 07657559-0, (hereinafter "Policy") affords no coverage for the claims brought against its insured, Freight Start, Inc. (hereinafter "Freight Star"), and Partner Ship, LLC (hereinafter "Partner Ship") by Skyglass, Inc. (hereinafter "Skyglass") following a November 2018 freight delivery dispute. In support of its Original Complaint for Declaratory Judgment, Progressive would show the Court as follows:

### I. PARTIES AND SERVICE

1.1 Plaintiff Progressive County Mutual Insurance Company is a Texas County Mutual Insurance Company formed and existing under Chapter 912 of the Texas Insurance Code. Progressive maintains its principal corporate office in Travis County, Texas.

1.2     Defendant Freight Star, Inc. is an Ohio corporation doing business in the State of Texas and may be served with process through its registered agent, Rashid Lutfiyev, 630 Troy Street, Dayton, Ohio 45404.

## II. JURISDICTION AND VENUE

2.1     The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201, and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332. This is a civil action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.2     The Court has jurisdiction over the Parties because Plaintiff is a resident of Texas and Defendant maintains such minimum contacts in Texas by doing business in the State of Texas.

2.3     Venue is proper in the Southern District of Texas because it is the district in which a substantial part of the events or omissions giving rise to the claim occurred. The loss complained of in the underlying claim by Skyglass was discovered upon delivery in Houston, Texas.

## III. FACTS

**A.     The Underlying Lawsuit**

3.1     This declaratory action arises from a lawsuit filed on April 12, 2019, styled *Skyglass, Inc. v. Partner Ship, LLC and Freight Star, Inc.*, Cause No. DC-19-05310 in the 160th District Court in Dallas County (hereinafter "Underlying Lawsuit"). A true and correct copy of Plaintiff's Original Petition in the Underlying Lawsuit is attached hereto as Exhibit A and fully incorporated herein by reference.

3.2     The Underlying Lawsuit alleges that in or about November 2018, Partner Ship as a broker for Skyglass, arranged for Freight Star to pick up certain glass cutting equipment (hereinafter "Equipment") in Michigan and deliver it to Texas. Skyglass alleges that it specifically informed Partner Ship that the Equipment should be covered with tarpaulins to avoid any contact with water during transportation. However, Skyglass alleges that the Equipment was not properly tarped during transport, and as a result, sustained significant water damage and was rendered unusable.

**B.     The Policy**

3.3     At all times precedent, Freight Start was insured by the Policy issued by Progressive. The effective dates of the Policy were August 17, 2018, to May 28, 2019.

3.4     The Policy contains a Motor Truck Cargo Legal Liability Coverage Endorsement (hereinafter "Cargo Coverage Endorsement"). The relevant portions of the Endorsement are as follows:

> **INSURING AGREEMENT - LOSS TO COVERED PROPERTY**
> Subject to the Limit of Liability, if **you** pay the premium for this Motor Truck Cargo Legal Liability Coverage, **we** will pay for the direct physical **loss** to **covered property** that **you** are legally liable to pay as a **trucker** under a written bill of lading, tariff document, rate confirmation sheet, shipping receipt, or contract of carriage. For this coverage to apply, the **covered property** must, at the time of **loss**, be in your exclusive physical custody and control:
>     1. while in **due course of transit** in, on, or attached to an insured auto;
>     or
>     2. during **loading or unloading**.
> Coverage applies for **loss** to **covered property** only if the **loss** is caused by a **covered peril**. For **covered property** that is **your** property, our payment is not contingent upon **your** liability.
>
> **We** have the option to settle or defend any claim or lawsuit for damages covered by this endorsement. However, **we** have no duty to defend **you** against any lawsuit to which this insurance does not apply. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the limit of liability for this **covered property** coverage has been exhausted by payment of judgments or settlements.
>
> * * * * *
>
> **ADDITIONAL DEFINITIONS**

The following additional definitions apply throughout this Motor Truck Cargo Legal Liability Coverage endorsement whenever the defined term appears in boldface type, whether in the singular, plural, or possessive:

[ . . .]

2. **"Covered peril"** means any external risks of direct physical **loss** to **covered property** or **business equipment**, except for those listed in a. through l. below as Excluded Perils.

**<u>Excluded Perils</u>**: **Please read the following list of excluded perils carefully. Coverage will not be afforded under this Motor Truck Cargo Legal Liability Coverage endorsement for these types of perils**. We will not pay for any **losses** to **covered property** or **business equipment** caused by, resulting in or from, or arising out of these excluded perils regardless of any other cause or event that contributes concurrently or in any sequence to the **loss**.

[ . . .]

g. **Breakdown, Temperature, Humidity**
   (i) Mechanical or electrical breakdown or failure including breakdown or failure of a refrigeration unit or its associate component parts, or heating equipment installed in a cargo component; or
   (ii) Wetness, humidity, dampness, dryness, or changes in or extremes of temperature unless it results from damage to a transporting vehicle caused by a **covered cause of loss**.
However, this Excluded Peril does not apply to **loss** caused by a fire or explosion if such fire or explosion would be covered under this endorsement.

## IV. NO COVERAGE UNDER THE POLICY

4.1  If the Equipment's loss occurred in transit or while loading or unloading, no coverage exists under the Policy because the loss was caused by an Excluded Peril under the terms of the Policy's Cargo Coverage Endorsement.

4.2  The Cargo Coverage Endorsement states that coverage exists "only if the loss is caused by a covered peril". A covered peril is "any external risks of direct physical loss to covered property […] *except* for those listed […] as Excluded Perils" (emphasis added). Losses "caused by, resulting in or from, or arising out of these excluded perils" are not covered. "Wetness, humidity, dampness, dryness, or changes in or extremes of temperature" are specifically listed as Excluded Perils.

4.2     The loss was due to water damage which rendered the Equipment unusable. The water damage was caused by, resulted from, or arose out of wetness, humidity, or dampness while the Equipment was in transit between Michigan and Texas. Because the loss was caused by, resulted from, or arose out of an excluded peril, under the specific terms of the Policy, the Equipment's loss is not covered.

4.3     If the Equipment's loss did not occur in transit or during loading or unloading, no coverage exists under the Policy's Cargo Coverage Endorsement. In order for coverage to apply under the Cargo Coverage Endorsement, "the covered property must, at the time of loss, be in [Freight Star's] exclusive physical custody and control while in due course of transit . . . or during loading or unloading".

## V. REQUEST FOR DECLARATORY RELIEF

5.1     Progressive requests declaratory judgment from this Court that there is no coverage under the Policy for the claims brought in the Underlying Lawsuit. Specifically, Progressive seeks a declaration that it has no duty to indemnify any resulting liability that may arise against Freight Star from the Underlying Lawsuit. Progressive also seeks a declaration that it has no duty to defend any party in the Underlying Lawsuit or any lawsuit that may arise as a result of the Equipment's loss in November 2018.

## PRAYER

WHEREFORE, Progressive County Mutual Insurance Company prays that the Court grant the relief requested above, it's reasonable and necessary attorney's fees, their costs of court, and such other and further relief to which they may justly be entitled.

        Respectfully submitted,

        /s/ Richard M. Mosher
        Richard M. Mosher
        State Bar No. 14580300
        rmosher@thompsoncoe.com

        THOMPSON, COE, COUSINS & IRONS, LLP
        700 N. Pearl Street, 25th Floor
        Dallas, Texas 75201
        Telephone: (214) 871-8200
        Facsimile: (214) 871-8209

        **COUNSEL FOR PLAINTIFF**